USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/18/2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DAMIAN KOLODIY,

    Plaintiff,

v.

EVGENY AFINEEVSKY

    Defendant.

Civil Action No. 17-cv-00830-VEC

# PROTECTIVE ORDER

WHEREAS, pretrial discovery in this action will necessarily involve the disclosure of sensitive development, filmmaking, personal or commercial information by the undersigned parties, and by other non-parties from whom discovery may be sought; and WHEREAS, the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AND ORDERED THAT

    1. **"Confidential" Information**

A party to the above-identified action ("Party") or a third party ("Third Party") may designate as "**Confidential**" those materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, that arc not publicly available and that the designating party in good faith believes contain information that is (a) confidential, sensitive, competitive, or potentially invasive of privacy interests, (b) not generally known, and (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the

-1-

designating Party or Third Party would require such third parties to maintain the, information in confidence.

2. **"Highly Confidential" Information**

A Party or Third Party may designate as **"Highly Confidential"** Confidential materials, documents, or information as contain (a) highly sensitive information relating to production and distribution of films, (b) highly sensitive financial information, (c) personal information which, if disclosed, could create a risk to the personal safety or security of an individual, or (d) such other documents, information, or materials that relate to proprietary or personal information that the producing Party or Third Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party.

3. **Effect of Designation**

The designation of information as **Confidential** or **Highly Confidential** shall constitute a representation that an attorney believes that there is a valid basis for such designation. The designation or failure to designate information as **Confidential** or **Highly Confidential** may not be used against the producing Party or Third Party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive, however.

4. **Scope of Order**

a. Information to be covered by this Protective Order shall include **Confidential** or **Highly Confidential** information, as defined above, that is set forth, revealed, or provided: (a) in response to discovery requests; (b) in any documents, things, or premises made available for inspection or produced to the discovering Party or in response to a subpoena (including information observed or learned inadvertently during an inspection at the premises of

a producing Party); (c) during depositions upon oral or written examination; (d) in connection with any other discovery taken in this action, whether pursuant to the Rules of this Court, informally, or by agreement; (e) in any oral communications or written correspondence (including attachments and enclosures) to the receiving Party; (f) in submissions to or before the Court, including testimony, briefs, oral argument, exhibits, and declarations; (g) in response to any Order of the Court; and (h) in any settlement discussions between the parties.

      b.    Information to be covered by this Protective Order also shall include privileged information, where applicable, as discussed below.

    5.    **Disclosure and Use of Confidential Information**

Subject to Paragraphs 19 and 25, information designated **Confidential Information** shall be disclosed only to the following persons. With the exception of Court personnel or court reporters assisting at trial, who are not bound by this Order, the following persons may not use Confidential materials, documents, or information for purposes other than to perform their duties with respect to this litigation:

    a. **Counsel of Record:** Counsel of record in this action retained by Plaintiff or Defendant, together with other attorneys who are employed by and work for counsel of record's law firms, and those attorney' stenographic, clerical, and paralegal employees, provided, however, that such employees may have access to material designated **Confidential Information** only to the extent necessary to perform their duties;

    b. Plaintiff Damian Kolodiy, and Defendant Evgeny Afineevsky, provided, however, that such parties may have access to material designated **Confidential Information** only to the extent necessary to perform their duties

to maintain, defend, or evaluate this litigation, or otherwise assist counsel of record and after each such party agrees to be bound by the terms of this protective order pursuant to paragraph 9 herein.

c. **Independent Outside Experts or Consultants**: Subject to the conditions set forth in paragraph 9 herein, independent outside experts or independent outside consultants, including their administrative and clerical staff, retained by the Plaintiff, the Defendant or either Party's outside counsel for purposes of this litigation;

d. **Litigation Vendors**: Outside photocopy, imaging, database, graphics, translation, document review, document coding, and design servicers retained by the outside counsel set forth above in 5(a), to the extent necessary to assist such outside counsel in this litigation;

e. **Court Reporters**: Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition;

f. **Drafters or Recipients:** Any person having written or received such document during the course of his or her employment or consultancy and not otherwise in violation of this Protective Order, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

6. **Disclosure or Use of Highly Confidential Information**

Subject to Paragraph 19, **Highly Confidential** information shall be disclosed to *only* those individuals identified in 5(a), (c)-(f).

7. **Use during Examination or Cross-Examination**

Nothing herein shall limit a party's ability to use information designated as **Confidential** or **Highly Confidential** to examine or cross-examine deposition or trial witnesses (a) who are Drafters or Recipients, as defined in paragraph 5(f), of the information in question, and/or (b) who are current officers, employees, experts, or attorneys of a Party or Third Party from which the **Confidential** or **Highly Confidential** information originated or was received, and whom a Party or Third Party has designated to speak or testify on its behalf, if the **Confidential** or **Highly Confidential** information at issue is relevant to the subjects on which the designee is to testify.

8.   **Handling of Confidential or Highly Confidential Information**

Any person in possession of **Confidential** or **Highly Confidential** materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained. Such information shall only be used for the litigation of this action, and any appeal thereof, unless otherwise agreed to by the parties in writing or ordered by a court of competent jurisdiction.

9.   **Undertaking**

a.   If Plaintiff or Defendant desires to disclose **Confidential** or **Highly Confidential** information to the individuals identified in paragraph 5(b) or (c), before disclosing any such information the party shall first have such person sign an undertaking in the form attached as Exhibit A, a copy of which shall be provided to all Parties prior to any disclosure of **Confidential** information or **Highly Confidential** information, as the case may be, to such person. Any objection under this paragraph shall be made in good faith and on reasonable grounds and shall take the form of a detailed writing sufficient to apprise the Party proposing disclosure of information of the specific bases for objection. Failure to object within five (5)

business days of receiving a written notice pursuant to this paragraph shall be deemed approval, and such person shall thereafter be authorized to have access to the objecting Party's **Confidential** and/or **Highly Confidential** information pursuant to and subject to the terms and conditions of this Protective Order.

   b. Should the Parties be unable to resolve the objection, the Party proposing disclosure of information shall raise this matter with the Court and request an Order permitting such individual's access to the objecting Party's **Confidential** and/or **Highly Confidential** information.

   c. The Party proposing disclosure of information shall not disclose any **Confidential** or **Highly Confidential** information of the objecting Party to the proposed employee, expert, or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this paragraph. No party shall use its right to object to a proposed designee to interfere with the ability of Plaintiff or Defendant to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld.

   d. The administrative and clerical staff of an independent outside consultant or expert as defined in paragraph 5(c) shall be deemed to have signed the undertaking in the form of Exhibit A when the independent outside expert or consultant supervising such individuals has executed the undertaking. Likewise, the support, administrative, or clerical staff of a jury consultant as defined in paragraph 5(c) or litigation vendor as defined in paragraph 5(d) shall be deemed to have signed the undertaking in the form of Exhibit A when the jury consultant or attorney supervising or employing such individuals has executed the undertaking.

  10. **Marking of Confidential** or **Highly Confidential**

**Confidential** or **Highly Confidential** materials shall be marked **"Confidential- Subject to Protective Order"** or **"Highly Confidential- Subject to Protective Order,"** on each page of each document so designated, whether such document is paper or electronic images of pages. In the case of **Confidential** or **Highly Confidential** materials that are not paper documents or electronic images of pages, such material shall be placed in a container marked **"Confidential- Subject to Protective Order"** or **"Highly Confidential Subject to Protective Order,"** or at the time such materials are produced written notice shall be provided to the receiving Party in a manner reasonably calculated to notify parties that the material produced is **"Confidential- Subject to Protective Order"** and **"Highly Confidential Subject to Protective Order."**

11. **No Marking at Inspection**

When files and records are produced for inspection, no marking need be made in advance of the inspection. For purposes of the initial inspection, all documents in any produced files shall be considered marked as **Highly Confidential.** Thereafter, upon selection of specified documents for copying by the inspecting Party, the producing Party or Third Party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting Party.

12. **Deposition, Trial, or Other Testimony**

a. If information to be treated in confidence is contained in deposition, trial, or other testimony, the transcript may be designated as containing **Confidential** or **Highly Confidential** information by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within fifteen (15) calendar days of receipt of the Court Reporter's official transmittal of the completed transcript for review. All depositions, regardless of whether a designation of confidentiality was made on the record, shall

be treated as containing **Highly Confidential** information until fifteen (15) calendar days after receipt of the Court Reporter's official transmittal of the completed deposition transcript for review, unless expressly waived. After such fifteen (15) day period has expired and in the absence of any written notice concerning the producing Party's or Third Party's designation of the transcript as containing **Confidential** or **Highly Confidential** information, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a public document. Unless otherwise agreed to by the Parties in writing or on the record, no individual not authorized hereunder to receive **Confidential** or **Highly Confidential** information shall be in attendance at that portion of a deposition during which **Confidential** or **Highly Confidential** information is being testified to or produced by another Party or Third Party.

        b.     The disclosing Party or Third Party shall have the right to exclude from attendance at any deposition, during such time as **Confidential** or **Highly Confidential** information is to be disclosed, any person other than the deponent, Counsel, court reporter, videographer (if any), and other individuals authorized to receive such information as provided by paragraphs 5, 6 and 7 above, whereby the failure of unauthorized persons to comply with such a request to be excluded shall constitute substantial justification for Counsel to advise the witness that he or she need not answer a question seeking the revelation of **Confidential** or **Highly Confidential** information. Persons shall not be excluded from attendance at said deposition from those portions during which information is disclosed to which they are otherwise authorized access under this Order.

        13.     **Disclosure During Trial or Hearings in Open Court**

Should the need arise during the trial or any hearing in open Court for Plaintiff or Defendant to cause **Confidential** or **Highly Confidential** information to be disclosed, such disclosure may only be made after the designating Party or Third Party has had the opportunity to request *in camera* review or other safeguards from the Court. The Party seeking to make such disclosure shall provide reasonable notice of its intent to the designating Party or Third Party, and shall not object to reasonable requests for such safeguards.

14. **Inadvertent or Unintentional Disclosure of Confidential or Highly Confidential Information by Producing Party or Third Party**

The inadvertent or unintentional disclosure by the producing Party or Third Party of **Confidential** or **Highly Confidential** information, by way of document production, deposition testimony, or any other method of production regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed **Confidential** or **Highly Confidential** information not designated as such pursuant to paragraph 10 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing Party or Third Party becomes aware of the inadvertent or unintentional disclosure. Within ten (10) calendar days of such notice and receipt of substitute copies having the appropriate confidentiality legend, the receiving Party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving Party to retain the originally disclosed information. Unless the receiving Party is opposing the return or destruction of such information, the receiving Party also shall use good faith efforts to arrange for the return or destruction of said documents and things from parties and individuals to whom it may have

-9-

distributed the documents or things but who were not authorized to receive **Confidential** or **Highly Confidential** documents under this Protective Order. If the receiving Party opposes the return or destruction of such information, it shall, after receiving notice from the producing Party or Third Party, nonetheless use good faith efforts to avoid any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. The receiving Party's disclosures, prior to the receipt of notice from the producing Party or Third Party of a new designation, of **Confidential** or **Highly Confidential** to unauthorized parties or individuals shall not be deemed a violation of this Protective Order. If the receiving Party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, the receiving Party shall notify the producing Party or Third Party of that fact, along with the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things, as soon as reasonably possible but no later than within ten calendar (10) days of notice from the producing Party or Third Party. Upon the redesignation of information under this paragraph, upon agreement of the parties, or by Court order, said information shall be treated *nunc pro tunc* as **Confidential** or **Highly Confidential,** as designated by the producing Party or Third Party.

    15.    **Inadvertent or Unintentional Disclosure of Confidential** or **Highly Confidential Information by Receiving Party**

Should any information already designated **Confidential** or **Highly Confidential** be disclosed inadvertently or unintentionally by the receiving Party to any person not authorized under this Protective Order, the receiving Party shall use reasonable efforts to bind such person to the terms of this Order by: (a) promptly informing such person of all the provisions of this Order; (b) immediately identifying such person and the confidential information disclosed to the

Case 1:17-cv-00330-VEC   Document 281   Filed 05/18/17   Page 10 of 19

Party or Third Party that designated the document as containing **Confidential** or **Highly Confidential** information; (c) requesting such person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieving all copies of documents containing the inadvertently disclosed information. The executed Undertaking shall be provided promptly to the Party or Third Party that designated the document or information as **Confidential** or **Highly Confidential.**

      16.    **Inadvertent or Unintentional Disclosure of Privileged Information**

In the event that a producing Party or Third Party inadvertently or unintentionally produces a document or information that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other privilege, doctrine, or immunity (i.e. that such disclosure is "Undiscoverable"), such inadvertent disclosure shall be governed by Fed.R. Evid. 502. The Party or Third Party that produced the Undiscoverable disclosure shall give written notice to the receiving Party promptly after discovering such inadvertent disclosure. Immediately upon receiving such notice, outside counsel of record for the receiving Party shall promptly return the document and all copies of the document in its possession; delete any versions of the document from any database it maintains; retrieve all electronic and paper copies of the document provided to any third parties, including experts; destroy any notes that reveal the substance of the protected information; and make no use of the information contained in the document.  Notwithstanding the foregoing, if the receiving party disputes whether the document is Undiscoverable, outside counsel for the receiving party may retain a single copy only for the purposes of moving to compel, in which case the document may not be disclosed to any individuals other than as set forth in paragraph 5(a).  In the event that the receiving party disputes whether such a document is Undiscoverable, the parties will use best efforts to resolve the

dispute, and if agreement cannot be reached, then the receiving party must file a motion to compel within seven (7) calendar days after the receiving Party's receipt of an Undiscoverable notice, or else it return or destroy the single retained copy of the disputed document. Unless the Court grants the motion to compel, then the receiving party may not use the document for any other purpose, and if the Court denies the motion to compel, the receiving party must promptly return or destroy the disputed document.

17. **Challenges to Designation**

A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Plaintiff or Defendant may apply to the Court for an order that information labeled **Confidential** or **Highly Confidential** is not, in fact, **Confidential** or **Highly Confidential,** as the case may be. Prior to so applying, the Party seeking to reclassify **Confidential** or **Highly Confidential** information shall notify the producing Party or Third Party of the information (and identifying the production ("bates") numbers, if any, assigned to the information) and seek the producing Party's or Third Party's agreement. If the parties cannot agree on the appropriate classification of the information in question, the Party seeking reclassification may request the Court for such reclassification. In any request, the producing Party or Third Party shall ultimately have the burden of establishing the need for classification as **Confidential** or **Highly Confidential.**

18. **Third Party Subpoenas or Demands**

If a receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was produced or designated as **Confidential** or **Highly Confidential** by someone other than the receiving Party, the receiving Party shall

transmit a copy of such subpoena, demand, or legal process, by hand, email or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process, to the Party or Third Party who produced and designated the material **Confidential** or **Highly Confidential** and shall reasonably cooperate with the producing Party or Third Party in preparing timely objections to its production. Should the person seeking access to the **Confidential** or **Highly Confidential** information take action against the receiving Party or anyone also covered by this Order to enforce such a subpoena, demand or other legal process, the receiving Party shall respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the receiving Party or anyone else covered by this Order to challenge or appeal any order requiring production of **Confidential** or **Highly Confidential** information covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

19. **Use of Independently-Obtained, Unrestricted, Public, or Produced Information**

Except with respect to any documents, information, or materials previously produced by the Parties or Third Parties in any other proceeding in which they are adverse Parties, this Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained by such Party independently of discovery in the above-captioned action, whether or not such material is also obtained through discovery in this action, or from disclosing its own **Confidential** or **Highly Confidential** information as it deems appropriate. Further, this Protective Order shall not apply to information which (a) was properly known to the receiving party before disclosure hereunder, (b) is or becomes part of public knowledge through no breach of the provisions of this Protective Order, (c) is independently

developed by the receiving party without access to the **Confidential** or **Highly Confidential** information disclosed hereunder, or (d) is disclosed to the receiving Party by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving Party.

20. **Return or Destruction Upon Termination of Action**

Upon termination of this action, including all appeals, all copies of produced documents containing **Confidential** or **Highly Confidential** information shall be returned to the producing Party or Third Party or destroyed at the option of the producing Party, except that counsel may retain archival copies of all attorney work product, drafts, memoranda, correspondence, deposition transcripts and exhibits, expert reports and exhibits, declarations and papers filed with the Court and exhibits, and discovery responses, but not document productions, exchanged by the parties or third parties. All Parties shall certify compliance with this paragraph in writing within ninety (90) days of termination of this action.

21. **Injunctive Relief**

In the event anyone shall violate or threaten to violate the terms of this Order, the Parties agree that the aggrieved Party or Third Party may immediately apply to obtain injunctive relief against any such person. The Parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

22. **Survival of Litigation.**

This Protective Order shall survive the termination of this litigation. The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

Case 1:17-cv-00330-VEC Document 281 Filed 05/18/17 Page 14 of 19

23. **Filing of Confidential Information**

If **Confidential** or **Highly Confidential** information is to be filed with the Court in connection with any proceedings herein, it shall be filed in accordance with the Local Rules of United States District Court for the Southern District of New York and Judge Valerie Caproni's Individual Rules and Practices.

24. **Modifications to Protective Order**

Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Protective Order, and, by its agreement to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of **Confidential** or **Highly Confidential** information by a particular individual, to the manner in which an individual may receive such information, whether or not such individuals are listed under paragraphs 5(a)-5(f) or 6, or to modifications to deadlines required by this Order.

25. **Disclosure to Court Personnel**

Notwithstanding anything in the foregoing, the parties may disclose Confidential or Highly Confidential information to Court personnel as necessary, provided that appropriate measures are taken by the parties to ensure confidentiality during such disclosure. Nothing in this agreement shall limit the Court's use of such Confidential or Highly Confidential information.

SO STIPULATED AND AGREED:

Respectfully submitted,

Date: May 15, 2017

| **Attorneys for Plaintiff Damian Kolodiy** | **Attorneys for Defendant Evgeny Afineevsky** |
|---|---|
| By: _____ | _____ |
| Matthew G. Berkowitz | Kevin R. Garden |
| Shearman & Sterling LLP | The Garden Law Firm, PC |
| 1460 El Camino Real | 901 N. Pitt Street, Suite 325 |
| 2nd Floor | Alexandria, VA 22314 |
| Menlo Park, CA 94025-4110 | Tel. (703) 535-5565 |
| Tel. (650) 838-3737 | Fax. (703) 997-1330 |
| Fax. (650) 644-0318 | *kevin@gardenlawfirm.com* |
| *matthew.berkowitz@shearman.com* | |
| | |
| Joseph M. Purcell, Jr. | Leo V. Gureff (LG 1271) |
| Shearman & Sterling, LLP | MUNCY, GEISSLER, OLDS & LOWE, P.C. |
| 599 Lexington Avenue | 4000 Legato Road, Suite 310 |
| New York, NY 10022-6069 | Fairfax, VA 22033 |
| Tel. (212) 848-4074 | Tel.: 703.621.7140 |
| Fax. (646) 848-4074 | Fax.: 703.621.71713 |
| *Joseph.purcell@shearman.com* | |

**SO ORDERED.**

Dated: \_\_\_\_\_ 2017          _____
                                                        Valerie E. Caproni
                                                        United States District Judge

Case 1:17-cv-00830-VEC Document 28 Filed 05/18/17 Page 16 of 19

SO STIPULATED AND AGREED:

Respectfully submitted,

Date: May 15, 2017

Attorneys for Plaintiff Damian Kolodiy

By: _____
Matthew G. Berkowitz
Shearman & Sterling LLP
1460 El Camino Real
2nd Floor
Menlo Park, CA 94025-4110
Tel. (650) 838-3737
Fax. (650) 644-0318
*matthew.berkowitz@shearman.com*

Joseph M. Purcell, Jr.
Shearman & Sterling, LLP
599 Lexington Avenue
New York, NY 10022-6069
Tel. (212) 848-4074
Fax. (646) 848-4074
*Joseph.purcell@shearman.com*

Attorneys for Defendant Evgeny Afineevsky

_____
Kevin R. Garden
The Garden Law Firm, PC
901 N. Pitt Street, Suite 325
Alexandria, VA 22314
Tel. (703) 535-5565
Fax. (703)997-1330
*kevin@gardenlawfirm.com*

Leo V. Gureff (LG 1271)
MUNCY, GEISSLER, OLDS & LOWE, P.C.
4000 Legato Road, Suite 310
Fairfax, VA 22033
Tel.: 703.621.7140
Fax.: 703.621.71713

SO ORDERED.

_Valerie Caproni_

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

5/18/2017

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNDERTAKING TO ABIDE BY THE PROTECTIVE ORDER OF**

_____

I,_____ , declare that my address is

_____ My current employer is

_____ My current occupation is _____

1. I have received a copy of the PROTECTIVE ORDER ("Protective Order") in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

2. I understand that the documents and information disclosed to me are to be used by me solely to assist counsel in the prosecution or defense of claims in or related to this litigation. In accepting disclosure, I agree to be bound by the Protective Order and submit to the jurisdiction of the Court in this action for the purposes of enforcement of the Protective Order.

3. I understand that I am to retain all documents or other materials designated as "**Confidential - Subject to Protective Order**" and "**Highly Confidential- Subject to Protective Order,**" that I receive pursuant to the Order, and all copies or other reproductions thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access thereto consistent with the Order. I understand that all such documents and materials are to remain in my custody until I have completed my assigned duties, at which time they are to be

returned to outside counsel of record for the party who provided them to me. I understand that, upon completion of my assigned duties, any materials, memoranda, work notes, or other documents derived from such documents or materials, or containing any confidentially designated information provided in such materials, shall be destroyed. I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Order.

4. I agree to: (a) notify all secretarial, clerical, or other personnel who are required to assist me in my assigned duties of the terms of the Order; and (b) provide them with an unsigned copy of this Declaration.

5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not authorized under the Protective Order, and will use only for purposes of this action any information marked **Confidential** or **Highly Confidential** that is disclosed to me.

6. Promptly upon termination of the action(s) in which I am involved, I will return or destroy, as provided in Paragraph 2 above, all materials containing information marked **Confidential** or **Highly Confidential** that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed or retained, or the outside counsel who noticed my deposition.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____                    _____