

**MEMO ENDORSED**

**SHEARMAN & STERLING LLP**

1460 EL CAMINO REAL | 2ND FLOOR | MENLO PARK | CA | 94025-4110

WWW.SHEARMAN.COM | T +1.650.838.3600 | F +1.650.838.3699

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/27/2017__

matthew.berkowitz@shearman.com
+1.650.8383737

June 21, 2017

Hon. Valerie Caproni
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Dear Judge Caproni:

Per the June 1, 2017 teleconference and the Court's subsequent Order (D.I. 35), Plaintiff respectfully submits this letter in reply to Defendant's letter of June 14, 2017.

As an initial matter, Defendant's arguments are partly premised on an inapplicable discovery standard. Specifically, Defendant argues that he is entitled to documents that "could reasonably lead to relevant information regarding the legal issues in this matter" and cites a number of decades-old cases. Each of them relies on language since deleted from Rule 26. *See* Fed. R. Civ. P. 26, Advisory Committee Notes, 2015 Amendment ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery of admissible evidence' is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery.").

Substantively, Defendant offers four arguments about the purported relevancy of the requested documents. Each is without merit.

First, Defendant asserts that the requested documents are relevant to the "validity" of Plaintiff's copyright registration, which Defendant is now advancing as a legal defense under 17 U.S.C. § 411(b), and also asserts is germane to the Court's subject matter jurisdiction. However, Defendant's arguments are belied by the fact that he did not plead copyright invalidity under 17 U.S.C. § 411(b) as an affirmative defense, let alone with the requisite particularity required by Federal Rule of Civil Procedure 9(b). *See* D.I. 14 and 39; *Yurman Design Inc. v. Chaindom Enterprises, Inc.*, No. 99-cv-9307, 2000 WL 897141, at *3-4 (S.D.N.Y. July 5, 2000) (dismissing defenses of copyright invalidity, which alleged, without the requisite specificity, the failure to

ABU DHABI | BEIJING | BRUSSELS | DUBAI | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | NEW YORK
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SAUDI ARABIA* | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.
*DR. SULTAN ALMASOUD & PARTNERS IN ASSOCIATION WITH SHEARMAN & STERLING LLP

identify all authors in registration, and failure to present that the work was a derivative or previously authored work). In any event, Defendant has still not credibly explained how the particular discovery requests at issue might help him establish the requisite factual basis for a copyright invalidity defense. Defendant argues that the requested documents—relating to third-party footage and licenses to the same—might show that *Freedom or Death!* was a joint work, and that this was not disclosed to the Copyright Office. But, the mere existence of third-party footage in the film simply does not, as a matter of law, convert *Freedom or Death!* into a joint work, which is statutorily defined as "a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. The Second Circuit has explained that terms "inseparable" and "interdependent" are quite narrow:

> Parts of a unitary whole are "inseparable" when they have little or no independent meaning standing alone. That would often be true of a work of written text, such as the play that is the subject of the pending litigation. By contrast, parts of a unitary whole are "interdependent" when they have some meaning standing alone but achieve their primary significance because of their combined effect, as in the case of the words and music of a song.

*Childress v. Taylor*, 945 F.2d 500, 505 (2d Cir. 1991) (citing, *e.g.*, H.R. Rep. No. 1476, 94th Cong., 2d Sess. 120 (1976) ("House Report")). Distinct nonfictional scenes in a documentary film are not "inseparable" or "interdependent" under these meanings. Defendant has not articulated—in his Answer or in motion briefing—any factual basis for the assertion that *Freedom or Death!* is a "joint work" under the aforementioned definition. Moreover, the mere participation of more than one person in filmmaking, without more, should not serve as the basis for such extensive discovery—major motion pictures can involve hundreds of individuals, and a casually raised "joint work" defense could impose massive discovery burdens on the plaintiff in a simple case of piracy. Defendant must show more, or pursue narrower discovery.

Defendant also asserts that the validity of Plaintiff's registration is relevant to the Court's subject matter jurisdiction. But the registration requirement is not jurisdictional. *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1241 (2010).

Second, Defendant argues that the requested documents are relevant to his "work for hire" defense, namely, that they might show that Spilno.TV and not Plaintiff, own the copyright. This theory is untenable based on Defendant's own pleading and evidence. For the footage to constitute a "work made for hire," Plaintiff must have been an employee of Spilno.TV, or must have agreed with Spilno.TV *in writing* that the footage would be a work made for hire. See 17 U.S.C. § 101. But Defendant alleges that Plaintiff was a volunteer and has even submitted evidence to that effect in connection with this motion. D.I. 39 at 2, 18; D.I. 43-4; *see Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 750–51 (1989) (holding that employment in the work-made-for-hire context is governed by common-law principles); *O'Connor v. Davis*, 126

F.3d 112, 115-16 (2d Cir. 1997) (citing *Reid* and holding that remuneration is an "essential condition" to a common-law employment relationship). And the specific written agreement otherwise required by § 101 could be discovered, if it existed (it does not), through much narrower discovery. Either way, Defendant's "work made for hire" theory is rank speculation that does not justify the requested fishing expedition.

Third, Defendant asserts that Plaintiff may have licensed Spilno.TV to use footage filmed by him. But this assertion is completely unconnected to the disputed document requests. Request 4 is directed to the *creation* of *Freedom or Death!*, not to other uses of Plaintiff's footage. And Requests 10–12 specifically seek information about video *not* filmed by Plaintiff. As set forth in Plaintiff's opening brief, Plaintiff will provide Defendant with any correspondence "to, from, or concerning Spilno.TV." D.I. 40 at 4.

Fourth, Defendant argues that Plaintiff's views and actions regarding his own copyright responsibilities are relevant to the determination of Defendant's actual liabilities. Defendant cites only a single forty-year-old decision for this proposition. But that case involved a photographer plaintiff seeking monetary relief against a broker, with whom he had deposited photograph slides for sale, for failing to return some of the slides upon demand. *Stark v. Photo Researchers, Inc.*, 77 F.R.D. 18, 20 (S.D.N.Y. 1977). The "clearly relevant" discovery comprised (i) information related to the cost of taking the photographs (clearly relevant to the computation of damages), and (ii) correspondence between the plaintiff and defendant (clearly relevant to the terms of the parties' presumably unwritten agreement). *Id.* at 20–21. *Stark* does not support Defendant's fishing expedition here.

Defendant has presented no justification for taking discovery of Plaintiff's use of preexisting footage in *Freedom or Death!* or, more broadly, *everything* Plaintiff did to create that film. The footage at issue (the "Misappropriated Footage" as defined in the Complaint) was undisputedly filmed by Plaintiff; the copyright registration admits that preexisting footage exists in the film; and the law provides that any unlawful use of the preexisting footage has no bearing on the validity of the copyright in other elements of the film. Accordingly, the Court should grant this motion for a protective order with respect to discovery concerning any third-party footage in *Freedom or Death!*

Plaintiff's motion for a protective order is GRANTED. The document requests at issue are burdensome, overbroad, and have only a tenuous connection to the issues in this case. To the extent Defendant needs further discovery to ascertain whether Plaintiff gave Spilno.TV a license or created his film as a work-for-hire for Spilno.TV, Defendant is free to propound more tailored discovery directed at the relationship between Spilno.TV and Plaintiff. Defendant's requests for documents potentially targeted at supporting an affirmative defense of invalidity are, at best, premature, given that Defendant has not pleaded invalidity. The Court's ruling on this issue is without prejudice. The Defendant may renew his request for documents relative to whether Plaintiff's work is a joint work if validity becomes a relevant issue in this case.

SO ORDERED.

*Valerie Caproni*

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE       6/27/2017