# SHEARMAN & STERLING LLP

1460 EL CAMINO REAL | 2ND FLOOR | MENLO PARK | CA | 94025-4110

WWW.SHEARMAN.COM | T +1.650.838.3600 | F +1.650.838.3699

matthew.berkowitz@shearman.com
+1.650.838.3737

October 18, 2017

Hon. Valerie E. Caproni
United States Courthouse
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Kolodiy v. Afineevsky*, No. 1:17-cv-00830-VEC

Dear Judge Caproni:

Plaintiff respectfully moves for (1) an extension of Plaintiff's deadline to complete fact discovery, in view of Defendants' repeated failures to complete their document production in a timely manner; (2) an order compelling Defendants to complete their document production by October 30, 2017; and (3) an Order precluding Defendants from calling to trial any third-party witnesses who do not make themselves available in the United States for deposition and document discovery during the fact discovery period.[1]

**Plaintiff's Request for a Discovery Extension and an Order Compelling Defendant to Produce Documents by October 30, 2017**

The parties' original agreed-upon and Court-ordered Discovery Protocol required substantial completion of document production by August 2, 2017. Defendants requested a three-week extension of that deadline (to August 23) in view of Defendants' change of counsel, and

---

[1] Plaintiff is submitting this letter pursuant to the Court's Individual Practices, Rule 1(C) relating to extensions of time. Plaintiff believes that its request for an order precluding Defendants' third-party witnesses from testifying at trial unless they subject themselves to discovery in the U.S. is integrally-related to the extension request and overall schedule. In other words, absent this Order, Plaintiff will require *additional* time to navigate international procedures for taking depositions in Ukraine (and, given Ukrainian restrictions and safety concerns, outlined below, may *never* be able to obtain pre-trial document discovery or take a U.S.-style in-person deposition).

ABU DHABI | BEIJING | BRUSSELS | DUBAI | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | NEW YORK
PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SAUDI ARABIA* | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

SHEARMAN & STERLING LLP IS A LIMITED LIABILITY PARTNERSHIP ORGANIZED IN THE UNITED STATES UNDER THE LAWS OF THE STATE OF DELAWARE, WHICH LAWS LIMIT THE PERSONAL LIABILITY OF PARTNERS.
*DR. SULTAN ALMASOUD & PARTNERS IN ASSOCIATION WITH SHEARMAN & STERLING LLP

Judge Valerie Caproni                                                                               October 18, 2017
Re:         Kolodiy v. Afineevsky, No. 1:17-cv-00830-VEC
Page 2

corresponding extensions of the remaining fact and expert discovery deadlines.  Plaintiff stipulated to Defendants' requested extension, and the Court entered it.  *See* D.I. 62.  Plaintiff complied with the substantial completion deadline.  Defendant did not.  Instead, Defendants brought in yet another new law firm (their fifth), and tried to reset the case, asserting that their new counsel needed time to learn the case and review the production.[2]  On a September 22 conference call, the Court directed Defendants to produce documents promptly and to begin a rolling production no later the following Friday, September 29.  While Defendants began their document production on September 29 as promised, the pace of production has been extremely slow.  Defendants have now indicated that they will need until at least October 30 to even *substantially* complete their production, despite the fact that the documents appear to be from just a single custodian (Mr. Afineevsky).

Despite missing the Court-ordered production deadline, and then failing to promptly complete production in accordance with the Court's telephonic instruction, Defendants have indicated that they are "not requesting a change in the current scheduling order" and are "prepared to comply with each of the future deadlines."  Ex. A (October 16, 2017 email from Defendants' counsel to Plaintiff's counsel).  While this approach may be fine for Defendants since they already have Plaintiff's documents, it is fundamentally unfair to Plaintiff.  Plaintiff cannot reasonably take depositions before Defendants' production is complete and, under the current scheduling order, would have no time for any follow-up, even assuming Defendants completed production by October 30 (which they have refused to promise).  Nor have Defendants yet responded to any of Plaintiff's substantive interrogatories, which they objected to early in the case under Local Rule 33.3.  Accordingly, Plaintiff respectfully requests that the Court order Defendants to complete their production by October 30, 2017, and grant Plaintiff (and only Plaintiff) an extension until January 22, 2018 to complete fact discovery.  This extension maintains the same window for depositions and follow-up that Plaintiff would have had if Defendants had complied with the prior August 23, 2017 production deadline.

**Plaintiff's Request for Relief with Respect to Defendants' 18 Third-Party Witnesses**

On June 1, the parties had a discovery call with Court to address the 18 third-party witnesses on Defendants' initial disclosure list.  Plaintiff sought relief because 17 of those third-party witnesses reside in Ukraine—where compelled document discovery is not provided for[3]—and the 18th witness is the Ukrainian ambassador to the U.S. who is protected by diplomatic

---

[2] None of Defendants' counsel even took possession of Defendants' electronic documents before September 21, more than seven months from the filing of the Complaint and five months after Plaintiff served requests.

[3] See Ex. B, indicating that "in accordance with Article 23 of the [Hague Evidence] Convention, Ukraine will not execute letters of request issued for the purpose of obtaining pre-trial discovery of documents as known in common law countries."

Judge Valerie Caproni                                                                            October 18, 2017
Re:        Kolodiy v. Afineevsky, No. 1:17-cv-00830-VEC
Page 3

immunity.  As a result of that discovery call, the Court ordered the parties to submit a joint letter by September 8 "regarding whether Defendant intends to use some or all of the 18 third-party witnesses" and compelling Defendants to notify Plaintiff's counsel about the travel plans of any of those witnesses.  D.I. 35.  On September 25 (regrettably, more than two weeks late), the parties submitted a joint letter noting that "[a]s of the date of this letter, Defendants have not indicated to Plaintiff whether they intend to use some or all of the 18 third-party witnesses."  D.I. 78.  Defendants represented in that letter that they will "respond within two weeks from the date of this letter to Plaintiff's counsel . . . ."  Defendants failed to comply with their own self-granted extensions.  Defendants did not actually notify Plaintiff about their intentions until October 17, and then only confirmed that "we intend to use all the witnesses identified to date at trial."  Ex. C (October 17, 2017 email from Defendants' counsel to Plaintiff's counsel).  In the interim, Defendants ignored Plaintiff's request for (1) contact information for the Ukrainian witnesses on its initial disclosures; (2) Defendants' counsel to accept service of subpoenas on its third-party witnesses; and (3) confirmation that the Ukrainian ambassador would waive diplomatic immunity.  Ex. D (October 1, 2017 from Plaintiff's counsel to Defendants' counsel).

Plaintiff only seeks to have a fair shot at proving its case and defending against Defendants' counterclaims (which are the subject of a pending motion to dismiss, D.I. 30).  Defendants seem intent on playing games, and want to reserve the right to surprise Plaintiff at trial with foreign witnesses whom Plaintiff does not get to adequately depose or subpoena for documents in advance of trial.  Plaintiff believes that, in order for this case to proceed in an orderly fashion and to avoid trial ambush, Defendants should be precluded from calling to trial any third-party witnesses who do not make themselves available for typical federal-court discovery in the U.S. before the fact discovery deadline.  If those witnesses can travel to the United States for trial, then they can surely also travel for deposition, and if they are not available for a second trip, then Defendant can move for entry of their deposition testimony consistent with the Federal Rules.  Defendants have had ample time to plan for this event, particularly given that the issue was first raised with the Court on June 1.

One additional and critical reason to make these witnesses come to the United States for discovery is that Defendant Evgeny Afineevsky has recently been in Ukraine on a propaganda campaign in support of his litigation.  Defendant has alleged through various media outlets that the Plaintiff and his attorneys (including Shearman & Sterling) are working with the Russian government to denigrate the Ukrainian Revolution and Ukrainian history and heritage.  A Google translation of one interview he recently gave indicates that he alleges that the "state machine" of Russia is engaging in a "political act to close a film that runs counter to the advocacy of the country that wants to ban it."  An individual named Sergey Melnychuk, a deputy of the Verkhovna Rada of Ukraine (a parliamentary body) said the "representatives of Maidan will protect the director from the pressure," and various commanders of Maidan divisions indicated

Judge Valerie Caproni                                                                October 18, 2017
Re:        Kolodiy v. Afineevsky, No. 1:17-cv-00830-VEC
Page 4

that Mr. Afineevsky must be "defended at all levels."[4]  Given the volatile political climate in Ukraine,[5] the undersigned simply does not feel safe flying there to take depositions in view of Mr. Afineevsky's representations to media outlets and the public (even assuming equivalent discovery was available under the Hague Convention and Ukrainian law).

**Defendants' Position on Plaintiff's Motions**

Defendants oppose being required to complete their document production by October 30 and instead offer to have it "substantially" complete by that date.  While this difference may seem minor, the "substantial" completion should have happened months earlier, and Defendants have missed nearly all agreed-upon or self-imposed dates in the past.

Defendants also oppose unilateral extension of fact discovery for Plaintiff, and instead seek an extension that applies equally to the parties.  Plaintiff believes this is fundamentally unfair.  Defendants have repeatedly refused to participate in discovery, necessitating multiple calls with the Court.  They still have not completed production from a single custodian, more than six months after requests were served.  If an extension applies unilaterally, then Defendants would have gained an advantage through its delay tactics: an extra 2+ months to review Plaintiff's documents and prepare for depositions.

Defendants oppose Plaintiff's position that the Court should preclude Defendants' third-party witnesses from testifying unless they make themselves available for discovery in the U.S.

**Conclusion**

Defendants have gone out of their way to delay and avoid nearly all discovery to date, and have ignored multiple Court deadlines.  As such, Plaintiff requests an order (1) compelling Defendants to complete their production on outstanding requests by October 30, 2017; (2) granting Plaintiff an extension to complete fact discovery until January 22, 2018; (3) adjourning the pre-trial conference and staying expert discovery and other deadlines until after the completion of fact discovery; and (4) precluding trial testimony from any of Defendants' third-party witnesses who do not make themselves available for deposition and document discovery in the United States before the close of fact discovery.  To be clear, Plaintiff does not believe that Defendants should

---

[4] *See, e.g.*, https://www.ukrinform.ua/rubric-culture/2324516-reziser-filmiv-pro-majdan-i-siriu-nataknuv-so-na-nogo-polue-rosia.html.  Plaintiff can provide a full translation of this article (and other media clips from Defendant's recent trip) upon the Court's request.

[5] The Department of State has issued travel warnings for U.S. Citizens going to Ukraine and has stated that the "situation in Ukraine is unpredictable and could change quickly.")  *See* https://travel.state.gov/content/passports/en/alertswarnings/ukraine-travel-warning.html

Judge Valerie Caproni  October 18, 2017
Re: Kolodiy v. Afineevsky, No. 1:17-cv-00830-VEC
Page 5

get a similar fact discovery extension.  Plaintiff already agreed to one extension for a counsel change (*see* D.I. 62) and complied with the deadline for completion of document production.  Accordingly, Plaintiff requests that the Court enter the order as set forth in Exhibit E.

Respectfully submitted,

s/ Matthew G. Berkowitz

Matthew G. Berkowitz
Shearman & Sterling LLP
1460 El Camino Real
Menlo Park, CA 94025
*Counsel for Plaintiff*


cc:   Eduardo Martorell (Counsel for Defendants)
      Michael J. Sullivan (Counsel for Defendants)
      Michelle Reilly (Counsel for Defendants)